UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SCOT COHEN,

                                Plaintiff(s),

               -against-

YURI KUPERMAN AKA YURI KUPER,

                                Defendant(s).

------------------------------------------------------------------------X

MEMORANDUM OF LAW

CIVIL ACTION
FILE NO.: 08 CV 3267

      FRCP §12(a) (1) Service of pleadings.

FRCP § 12(a) (1) provides that: . . . Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 20 days after being served with the summons and complaint;

      This Court's attention is respectfully directed to make note of the date on which Defendant, was properly served with the Summons and Verified Complaint, to wit: April 2, 2008. More than thirty days have passed since said Defendant was served, and to date, no appearance, answer or reply has been forthcoming either from the Defendant or representative.

      The Defendant has failed, not only to make an appearance, but has also willfully and deliberately neglected to request an extension of time to answer and/or make an appearance.

      It is apparent that the Defendant will not proceed with his defense. In spite of the fact that your declarant's office has determined the Defendant herein to be the proper party to this action, and

has to this date proceeded in the prescribed manner to unveil his role and ultimate culpable conduct in the events which led to the within cause of action, said Defendant has willfully and deliberately failed to make an appearance and defend these claims asserted against him and, therefore, has defaulted.

Thus, the Defendant's default herein has been intentional or willful on his part; designed to prejudice or hamper Plaintiff's ability to litigate this action expeditiously. Plaintiff has a meritorious cause of action and it is your declarant's belief that sound public policy and judicial equity mandates that the issues involved herein be decided on the merits.

In view of the foregoing, the within application is made pursuant to FRCP §55(a), which states:

§55. DEFAULT JUDGMENT.

(a) Entering a Default.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk.

If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court.

In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

    Wherefore, it is respectfully requested that in addition to the specific relief sought herein, that costs, attorneys' fees and sanctions be awarded to Plaintiff's attorneys, to be paid by Defendant due to his cavalier disregard exhibited herein, including the necessity of the within application, in the event this Court sees fit not to enter a default judgment at this time.

Dated:      New York, New York
               May 5, 2008

                                            _____
                                            RAPHAEL WEITZMAN, ESQ.

# EXHIBIT A

≈AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

SCOT COHEN

**SUMMONS IN A CIVIL ACTION**

V.

YURI KUPERMAN AKA YURI KUPER

CASE NUMBER:

**08 CV 3267**

JUDGE SPRIZZO

TO: (Name and address of Defendant)

YURI KUPERMAN AKA YURI KUPER 46 TOWN HILL RD GOSHEN CT
06756 – 1523

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Weitzman Law Offices, L.L.C.
110 Wall Street, 11th Floor
New York New York 10005

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

APR 0 1 2008

J. MICHAEL McMAHON

| CLERK | DATE |

(By) DEPUTY CLERK

⋇AO 440 (Rev 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                        Date                         *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

**08 CV 3267**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SCOTT COHEN,

**JUDGE SPRIZZO**

**COMPLAINT**

                      Plaintiff(s),

CIVIL ACTION
FILE NO.:

-against-

YURI KUPERMAN AKA YURI KUPER,

                      Defendant(s).

APR 0 1 2008
U.S.D.C. S.D.N.Y.
CASHIERS

-----------------------------------------------------------------X

    Plaintiff, by his attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the Defendant, respectfully alleges, upon information and belief:

    1.       Plaintiff is a citizen of the State of New York; Defendant is a citizen of the United Kingdom.

    2.       The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy five thousand dollars.

    3.       On or about 30TH APRIL 2006, the defendant **YURI KUPERMAN AKA YURI KUPER**, executed and delivered to Plaintiff **SCOTT COHEN** his promissory note in writing. A copy of the note is annexed as Exhibit A.

    4. The promisee, **SCOTT COHEN** is the owner and holder of the note. There is presently due to the plaintiff, on account of this note from **YURI KUPERMAN AKA YURI KUPER**, Individually, the sum of $125,000. which plaintiff claims.

    5. Defendant **YURI KUPERMAN AKA YURI KUPER**, has failed to make any payments of principle or interest under the terms of the promissory note.

    6. By reason of the provisions of the note, the defendant waived presentment, dishonor and notice of dishonor and notice of dishonor and protest.

    7. No part of the note has been paid by defendant.

8. The rate of interest under the note is 9.75 % on the principle amount.

9. Plaintiff has been damaged by defendant **YURI KUPERMAN AKA YURI KUPER**, in the sum of $125,000 plus 9.75 % interest from 30th April, 2006, together with the costs and disbursements of this action.

10. Please take notice that, pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a jury trial in the above-entitled action.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in the sum of $125,000 plus 9.75 % interest from 30th April, 2006, together with the costs and disbursements of this action.

Dated:     New York, New York
           April 1, 2008

Yours, etc.

_____
RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
SCOTT COHEN
110 Wall Street
11th Floor
New York, New York 10005
212-248-5200
Our File No. 07-0006

FROM : KUPERART                    FAX NO. : 8609277132              APR. 19 2005 12:33PM  P1

Yahoo! Mail - kuperyuri@yahoo.com                                                4/19/05 1:22 PM



Print - Close Window    Powered by OUTSIDE IN® HTML EXPORT

## PROMISSORY NOTE

**$125,000** April ___, 2005

**New York, New York**

For value received, YURI KUPER, an individual residing at _109 Flat Rock Rd, S. Kent, CT_. Kent, Connecticut ("Maker"), hereby promises to pay to Scot J. Cohen, an individual residing at 20 East 20th Street, #6W, New York, New York 10003, or his successors, endorsees or assigns ("Holder"), the principal amount of One Hundred Twenty-Five Thousand Dollars ($125,000) on the Maturity Date (as defined below), and to pay interest on the unpaid principal balance hereof, all as hereafter further provided.

1. <u>Interest; Payments</u>.

    a. Principal of, and any accrued and unpaid interest on, this Note shall be due and payable in full on January ___, 2006 (the "Maturity Date"), unless it has been prepaid in accordance with the terms hereof. If the Maturity Date would fall on a day that is not a Business Day (as defined below), the payment due on the Maturity Date will be made on the next succeeding Business Day with the same force and effect as if made on the Maturity Date. "Business Day" means any day which is not a Saturday or Sunday and is not a day on which banking institutions are generally authorized or obligated to close in the city of New York, New York.
    b. Interest on the principal amount of this Note, accrued from the date hereof through the Maturity Date shall be paid in advance in one or more works of art created by Maker and selected by Holder. In the event that Maker fails to pay to Holder any portion of the principal and/or interest due on the Maturity Date, interest on the unpaid principal amount of this Note shall thereafter accrue at 7% per annum (calculated on the basis of a 360-day year consisting of twelve 30-day months).
    c. Payment of principal and interest on this Note shall be made by wire transfer of immediately available funds to an account designated by Holder or, if no such account is designated, by check sent to Holder's address set forth above or to such other address as Holder may designate for such purpose from time to time by written notice to Maker, in such coin or currency of the United States of America as at the time of payment shall be legal tender for the payment of public and private debts.
    d. The obligations to make the payments provided for in this Note are absolute and unconditional and not subject to any defense, setoff, counterclaim, rescission, recoupment or adjustment whatsoever. Maker hereby expressly waives demand and presentment for payment, notice of non-payment, notice of dishonor, protest, notice of protest and diligence in taking any action to collect any amount called for hereunder, and shall be directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission with respect to the collection of any amount called for hereunder.

5. <u>Events of Default</u>. Until the date on which all principal and interest under this Note is paid in full, Maker covenants and agrees to deliver to Holder, with reasonable promptness after the date on which Maker first obtains knowledge of such, written notice of the occurrence of any Event of Default or any event which with notice or lapse of time or both would become an Event of Default (an Event of Default or such other event being a "Default"), which notice shall specify that it is a "Notice of Default" and shall describe such Default in reasonable detail and provide a description of the action Maker has taken or proposes to take with respect thereto The occurrence of any of the following events shall constitute an event of default (an "Event of Default"):

    a. A default in the payment of the principal or interest on this Note, when and as the same may

FROM : KUPERart                     FAX NO. : 8609277132           Apr. 19 2005 12:34PM  P2

Yahoo! Mail - kuperyun@yahoo.com                                                    4/19/05 1:22 PM

  become due and payable.
- b. The entry of a decree or order by a court having jurisdiction adjudging Maker a bankrupt or insolvent, or approving a petition seeking reorganization, arrangement, adjustment or composition of or in respect of Maker, under federal bankruptcy law, as now or hereafter constituted, or any other applicable federal or state bankruptcy, insolvency or other similar law, and the continuance of any such decree or order unstayed and in effect for a period of 60 days; or the commencement by Maker of a voluntary case under federal bankruptcy law, as now or hereafter constituted, or any other applicable federal or state bankruptcy, insolvency, or other similar law, or the consent by Maker to the institution of bankruptcy or insolvency proceedings against it, or the filing by Maker of a petition or answer or consent seeking reorganization or relief under federal bankruptcy law or any other applicable federal or state law, or the consent by Maker to the filing of such petition or to the appointment of a receiver, liquidator, assignee, trustee, sequestrator or similar official of Maker or of any substantial part of the property of Maker, or the making by Maker of an assignment for the benefit of creditors, or the admission by Maker in writing of its inability to pay its debts generally as they become due, or the taking of corporate action by Maker in furtherance of any such action.

3. <u>Remedies Upon Default</u>. Upon the occurrence of an Event of Default referred to in Section 2(b), the principal amount then outstanding of, and the accrued interest on, this Note shall automatically become immediately due and payable without presentment, demand, protest or other formalities of any kind, all of which are hereby expressly waived by Maker. Upon the occurrence of an Event of Default referred to in Section 2(a), by notice in writing given to Maker, may declare the entire principal amount then outstanding of, and the accrued interest on, this Note to be due and payable immediately, and upon any such declaration the same shall become and be due and payable immediately, without presentation, demand, protest or other formalities of any kind, all of which are expressly waived by Maker. Holder may institute such actions or proceedings in law or equity as it shall deem expedient for the protection of its rights and may prosecute and enforce its claims against all assets of Maker, and in connection with any such action or proceeding shall be entitled to receive from Maker payment of the principal amount of this Note, plus accrued interest to the date of payment, plus reasonable expenses of collection, including, without limitation, attorneys' fees and expenses.

4. <u>Miscellaneous</u>.
- a. Any notice or other communication required or permitted to be given hereunder shall be in writing and shall be sent by registered or certified mail, postage prepaid, overnight courier, confirmed telex or facsimile transmission or otherwise by hand or by messenger, addressed (i) if to Maker, at his address set forth on the first page hereof, (ii) if to Holder, at his address set forth on the first page hereof, and (iii) in either case, to such other address as the party shall have furnished to the other party in writing in accordance with the provisions of this Section 4(a). Notice to the estate of any party shall be sufficient if addressed to the party as provided in this Section 4(a). Any notice or other communication given by certified mail shall be deemed given at the time of certification thereof, except for a notice changing a party's address which shall be deemed given at the time of receipt thereof. Any notice given by other means permitted by this Section 4(a) shall be deemed given at the time of receipt thereof.
- b. This Note shall be binding upon Maker and shall be enforceable against Maker and its heirs, successors and assigns, and shall inure to the benefit of Holder and his successors, endorsees and assigns. Maker may not assign this Note or any rights hereunder without the express written consent of the Holder. Holder may assign this Note in whole or in part, or may grant participations in this Note from time to time, without notice to, or consent from, Maker. This Note is a negotiable instrument and may be negotiated, sold, assigned, discounted or conveyed at any time by the holder(s) hereof, without notice to, or consent of, Maker.
- c. Upon receipt of evidence satisfactory to Maker, of the loss, theft, destruction or mutilation of this Note (and upon surrender of this Note if mutilated), including an affidavit of Holder thereof that this Note has been lost, stolen, destroyed or mutilated, Maker shall execute and deliver to Holder a new Note of like date, tenor and denomination.
- d. No course of dealing and no delay or omission on the part of Holder or Maker in exercising any right or remedy shall operate as a waiver thereof or otherwise prejudice Holder's or Maker's rights, powers or remedies, as the case may be. No right, power or remedy conferred by this Note upon

FROM : KUPERart          FAX NO. :8609277132           Apr. 19 2005 12:35PM  P3

Yahoo! Mail - kuperyuri@yahoo.com                                              4/19/05 1:22 PM

     Holder or Maker shall be exclusive of any other right, power or remedy referred to herein or now or hereafter available at law, in equity, by statute or otherwise, and all such remedies may be exercised singly or concurrently.

  e. This Note may be amended only by a written instrument executed by Maker (or its successor or permitted assignee, if applicable) and Holder. Any amendment shall be endorsed upon this Note and all future Holders shall be bound thereby.

  f. If one or more provisions of this Note are held to be unenforceable under applicable law, such provision shall be excluded from this Note and the balance of this Note shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms. This Note may be amended only by a written instrument executed by Maker and Holder hereof. Any amendment shall be endorsed upon this Note, and all future Holders shall be bound thereby.

  g. This Note shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles governing conflicts of law. Maker irrevocably consents to the exclusive jurisdiction of any the federal and state courts located in the State of New York sitting in New York County, New York in connection with any action or proceeding arising out of or relating to this Note, any document or instrument delivered pursuant to, in connection with or simultaneously with this Note, or a breach of this Note or any such document or instrument. MAKER HEREBY WAIVES TRIAL BY JURY IN ANY JUDICIAL PROCEEDING TO WHICH IT IS A PARTY INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE) IN ANY WAY ARISING OUT OF, RELATED TO, OR CONNECTED WITH THIS AGREEMENT OR THE RELATINOSHIP ESTABLISHED HEREUNDER.

  h. If this Note contains any blanks when executed Maker, Holder is hereby authorized, without notice to Maker to complete any such blanks according to the terms under which the loan evidenced hereby was granted, wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or be invalid under such law, such provision shall be severable and ineffective to the extent of such prohibition or invalidity without invalidating the remaining provisions of this Note.

  i. All agreements herein made are expressly limited so that in no event whatsoever, whether by reason of advancement of proceeds hereof, acceleration of maturity of the unpaid balance hereof or otherwise, shall the amount paid or agreed to be paid to Holder for the use of the money advanced or to be advanced hereunder exceed the maximum rate permitted by law (the "Maximum Rate"). If, for any circumstances whatsoever, the fulfillment of any provision of this Note or any other agreement or instrument now or hereafter evidencing, securing or in any way relating to the debt evidenced hereby shall involve the payment of interest in excess of the Maximum Rate, then, *ipso facto*, the obligation to pay interest hereunder shall be reduced to the Maximum Rate; and if for any circumstance whatsoever, Holder shall ever receive interest, the amount of which would exceed the amount collectible at the Maximum Rate, such amount as would be excessive interest shall be applied to the reduction of the principal balance remaining unpaid hereunder and not to the payment of interest. This provision shall control every other provision in any and all other agreements and instruments existing or hereafter arising between Maker and Holder with respect to the debt evidenced hereby.

b. *{Remainder of page left intentionally blank. Signature page to follow.}*

**IN WITNESS WHEREOF**, Maker has caused this Note to be executed and dated the day and year first above written. Facsimile signatures shall be deemed originals for all purposes.

_____

FROM :KUPERart                    FAX NO. :8609277132          Apr. 19 2005 12:35PM  P4

Yahoo! Mail - kuperyuri@yahoo.com                                    4/19/05 1:22 PM

# YURI KUPER

*[signature]*

**WITNESS:**

_____

Print Name

_____

Signature

# EXHIBIT B

Statement of Robert Harvey-Jenner
Exhibits "A"
Dated 18th April 2008
Filed on behalf of the Plaintiff

## STATEMENT OF SERVICE

**BETWEEN**    Scott Cohen                                    **CLAIMANT**

**AND**

Yuri Kuperman AKA Kuper                                      **DEFENDANT**

**Case Number: 08 CV 3267**

I, Robert Harvey-Jenner of 19 Main Street, Garforth, Leeds LS25 1DS in the County of West Yorkshire, Process Server acting under the instructions of Weitzman LLC, Attorney for the Plaintiff will state as follows:

1. THAT I did on Wednesday the 2nd day of April 2008 at 18:30 hours personally serve the above named Defendant at Opera Gallery London, 134 New Bond Street, London W1S 2TF, with a Summons and Complaint In A Civil Action.

2. There is now shown to me marked "A" a true copy of the said documents so served as aforesaid.

3. The Said **Yuri Kuperman AKA Kuper** admitted his identity to me and I verily believe that I was speaking to the said **Yuri Kuperman AKA Kuper.**

4. I believe that the facts stated in this Statement are true.

Signed .......................

SWORN at   Bosworths, 63 Bridge Street, Hampton Court, East Molesey
in the County of Surrey
this 18th day of April 2008

Before me, .......................
A Solicitor empowered to administer Oaths

**Andrew Pickard**
**Solicitor**

BOSWORTHS
63 BRIDGE ROAD
HAMPTON COURT
EAST MOLESEY
SURREY
KT8 9ER

## Affidavit

**Statement filed by: -**

Robert Harvey-Jenner,
C/O P & B Collections
1st Floor, 19 Main Street
Garforth
Leeds
LS25 1DS

Tel: 0113 286 8380

**Agents to: -**

Weitzman Law Offices LLC
110 Wall Street, 11th Floor
New York
New York 10005

**Attorney to the Plaintiff**

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE ||
|---|---|
| Service of the Summons and complaint was made by me | DATE 2ⁿᵈ April 2008 - Wednesday |
| NAME OF SERVER (PRINT) | TITLE Mr Robert Harvey-Jennett |

_Check one box below to indicate appropriate method of service_

☑ Served personally upon the defendant. Place where served: Opera Gallery London 134 New Bond Street London W1S 2TF

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted.

☐ Other (specify):

| STATEMENT OF SERVICE FEES |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 16ᵗʰ April 2008
        _Date_          _Signature of Server_

C/o 19 Main Street Garforth
Garforth Leeds LS25 1DS
_Address of Server_

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure